■ JEAN MELINO, Appellant, v EQUINOX FITNESS CLUB, Respondent. [778 NYS2d 2]—

Orders, Supreme Court, New York County (Charles Ramos, J.), entered March 27 and August 14, 2003, which, in an action

by a health club member against a health club seeking declaratory, injunctive and monetary relief for, inter alia, various violations of the Health Club Services Law (General Business Law § 620 *et seq.*), the "front-loading" of membership fees in violation of General Business Law § 394-b (3), and deceptive practices in violation of General Business Law § 349 (a), inter alia, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff alleges that defendant's form membership contract does not conform to the Health Club Services Law in that it fails to set forth the buyer's rights of cancellation in 10-point bold type, as required by General Business Law § 624 (2), and does not provide for a refund of moneys paid for the unexpired term of the contract in the event of cancellation by reason of a material change in the services offered by the health club or the buyer's relocation, disability or death, as required by General Business Law § 624 (3). In addition, plaintiff alleges that the contract purports to exempt defendant from liability for its own negligence, in violation of General Business Law § 623 (3) and General Obligations Law § 5-326, and requires "front-loaded" payments before receipt of actual services, in violation of General Business Law § 394-b (3).

General Business Law § 622-a (10), enacted after General Business Law § 394-b (3) on which plaintiff relies, excludes health clubs from the requirement of filing a bond or letter of credit with the Secretary of State "if all payments for which the buyer is obligated including, but not limited to down payments, initiation fees, enrollment fees, membership fees or any other direct payments to the health club do not exceed [$150]." Plaintiff's initiation fee was $95. The bond requirement is also excused where the monthly dues, including any initiation fee, do not exceed $150. Plaintiff's monthly dues are $130. We also note that the same provision allows health clubs to offer a 10% discount to buyers who opt to pay a 12-month membership "in full." Thus, there is simply no merit to plaintiff's argument that defendant could not demand any payments from her prior to her receipt of services.

Plaintiff does not allege that she ever attempted to cancel the contract or hold defendant liable for negligence, but was prevented from doing so because of the contract, or that she otherwise sustained loss or damage because of the alleged discrepancies between the contract and the Health Club Services Law. Indeed, it appears that plaintiff is a satisfied customer who continues to use defendant's facilities. As such, she is not an injured person with standing to challenge the alleged

discrepancies (General Business Law § 628 [1]; *Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 55 [1999]). "[A]n act of deception, entirely independent or separate from any injury, is not sufficient to state a cause of action under a theory of fraudulent concealment" (*Small* at 57; *see also Frank v DaimlerChrysler Corp.*, 292 AD2d 118, 122-123 [2002], *lv denied* 99 NY2d 502 [2002]). Concur—Tom, J.P., Andrias, Ellerin and Gonzalez, JJ.